IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAUL MELGAR,

      Plaintiff,

v.                                   C.A. No.:    4:15-cv-1739

COKEBUSTERS USA, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAUL MELGAR, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, COKEBUSTERS USA, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against his former employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.  Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because

Plaintiff performed work for Defendant and incurred unpaid overtime wages while

working in Houston, Texas.

## THE PARTIES

4.      Plaintiff is an individual residing in Houston, Texas.

5.      Plaintiff was been employed by Defendants from approximately

September of 2014 through the present as a Welder/Decoker.   Some of Plaintiff's

principle duties were to perform welding on equipment utilized in the energy

industry.   Plaintiff also provided decoking services.

6.      Defendant, COKEBUSTERS USA, INC., is a corporation formed and

existing under the laws of the State of Delaware and operates an office in Houston,

Texas.

7.      At all times material to this complaint, Defendant had employees

subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was

employed.

8.      At all times material to this complaint, Defendant employed two or

more employees and had an annual dollar volume of sales or business done of at

least $500,000.00.

9.    At all times material to this complaint, Defendant, COKEBUSTERS USA, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

10.    At all times material hereto Plaintiff and Defendant collectively engaged in interstate commerce through the support functions they provided to the energy industry.

11.    Additionally, Plaintiff performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce.

12.    At all times material to this Complaint, Defendant was the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

13.    Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

14.    Plaintiff worked an average of approximately 50-80 hours per week during employment with Defendant.

15.    Defendant paid Plaintiff at varying rates, but did not pay Plaintiff any

premium for his overtime work.

16.    Defendant used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to him as required by the Fair Labor Standards Act.

17.    Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

18.    Defendant acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

19.    As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

20.    As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

21.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal

Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RAUL MELGAR demands Judgment against Defendant for the following:

a.   Unpaid overtime wages found to be due and owing;

b.   An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.   Prejudgment interest in the event liquidated damages are not awarded;

d.   Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.   For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, RAUL MELGAR, demands a jury trial on all issues so triable.

Respectfully submitted, June 18, 2015.

ROSS LAW GROUP

_____

**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street

Page 6 of    6
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com